a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOHN SHANE NICOSIA,<br>Petitioner | CIVIL ACTION NO. 1:18-CV-114-P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2254) filed by pro se Petitioner John Shane Nicosia ("Nicosia") (#307171). Nicosia is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Nicosia challenges his conviction and sentence imposed in the 9th Judicial District Court, Rapides Parish.

Because the petition is untimely, Nicosia's petition should be dismissed.

## I.    Background

Nicosia was convicted of aggravated rape, carnal knowledge of a juvenile, and sexual battery. He was sentenced to life imprisonment. State v. Nicosia, 2013-1190 (La. App. 3 Cir. 4/2/14). Nicosia appealed the aggravated rape conviction, which was affirmed. Id. Nicosia did not seek further review in the Louisiana Supreme Court or the United States Supreme Court.

Nicosia states that he filed an application for post-conviction relief on April 29, 2015, which was denied. (Doc. 1, pp. 3-4). Nicosia's writ application was denied by

the Louisiana Supreme Court on November 17, 2017.  State ex rel. Nicosia v. State, 2016-1563 (La. 11/17/17), 228 So.3d 1216.

## II.    Law and Analysis

### A.    Nicosia's § 2254 petition is untimely.

In 1996, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress enacted 28 U.S.C. § 2244(d), which provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court.  This limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Federal courts may raise the one-year limitations period *sua sponte*.  See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

Because he did not seek writs in the Louisiana Supreme Court, Nicosia's conviction became final for AEDPA purposes on May 2, 2014, upon the expiration of the time for seeking further direct review.  28 U.S.C. § 2254(d)(1).  Thus, the one-year limitations period began to run on May 2, 2014.

Although the statutory tolling provision of § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period, Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998), any lapse of time before the proper filing of an application for post-conviction relief in state court is

counted against the one-year limitations period, <u>Villegas v. Johnson</u>, 184 F.3d 467, 472 (5th Cir. 1999) (citing <u>Flanagan v. Johnson</u>, 154 F.3d 196, 199 (5th Cir. 1998)).

According to Nicosia, his application for post-conviction relief was filed on April 29, 2015. Thus, tolling of the limitations period did not begin until 362 days of the limitations period had lapsed. Nicosia only had three days from the date the Louisiana Supreme Court denied writs on his application for post-conviction relief within which to file a timely § 2254 petition. The Louisiana Supreme Court denied writs on November 17, 2017, and Nicosia did not file his § 2254 petition until January 24, 2018. Thus, Nicosia's habeas petition was not filed within the one-year limitations period.

The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. <u>See</u> <u>Holland v. Florida</u>, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." <u>Id.</u> at 649 (internal quotation marks omitted); <u>accord</u> <u>Davis v. Johnson</u>, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to invoke equitable tolling. <u>See</u> <u>Alexander v. Cockrell</u>, 294 F.3d 626, 629 (5th Cir. 2002). Nicosia submits no evidence demonstrating that he is entitled to equitable tolling, and this Court knows of no such evidence.

### III.   Conclusion

Because Nicosia's § 2254 petition is untimely, IT IS RECOMMENDED that the petition be DENIED and DISMISSED with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.   Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on

whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2).  A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __25th__ day of April, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge